# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:14-cv-156-GCM

| | |
|---|---|
| MICHAEL A. GADDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ROBERT A. SPRAGUE, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on a Motion for Summary Judgment by Defendants T.E. Grosse, Zachary Riggan, and Robert Sprague, (Doc. No. 30), on Plaintiff's Motion for Summary Judgment, (Doc. No. 28), on Plaintiff's Motion to Compel Discovery, (Doc. No. 20), on Plaintiff's Motion for Order Directing the U.S. Marshal [to] Serve Subpoenas, (Doc. No. 27), and on Defendants' Motion to Quash, (Doc. No. 35).

### I.     BACKGROUND

In this action, brought pursuant to 42 U.S.C. § 1983, pro se Plaintiff Michael Gaddy has sued Charlotte-Mecklenburg police officers Robert Sprague, Zachary Riggan, and T.E. Grosse, II, alleging that Defendants violated various Plaintiff's state and federal constitutional rights when conducting a search on August 9, 2012. Plaintiff is a North Carolina prisoner currently incarcerated at Piedmont Correctional Institution in Salisbury, North Carolina. On June 26, 2013, Plaintiff was convicted in Mecklenburg County of trafficking by possession of more than four but less than fourteen grams of heroin, possession with intent to sell or deliver a controlled substance, maintaining a dwelling for keeping controlled substances, and possession of drug paraphernalia. See State v. Gaddy, 768 S.E.2d 64 (2014). The underlying search and arrest that

1

led to Plaintiff's conviction occurred on August 9, 2012, when police officers entered a room with Plaintiff's consent at a Budget Inn motel in Charlotte, North Carolina, where they found drugs and drug paraphernalia. Defendant was in the room, consented to the search, and was read his Miranda rights. The police officers videotaped Plaintiff giving his consent to search, and they also recorded his confession to possessing and selling drugs. See (Doc. No. 1-1 at 19).

Before trial, Plaintiff filed a pre-trial motion to suppress through counsel, raising essentially the same claims of illegal search and seizure he raises in this Section 1983 action. In support of the motion to suppress in the underlying criminal action, Plaintiff contended that the officers obtained the evidence used to convict him by violating his state and federal constitutional rights as well as North Carolina's criminal procedure act. The motion to suppress raised issues as to consent, unreasonable searches, and exclusion of evidence seized. The trial court denied the motion to suppress, finding no violations of state or federal law. See Def. Appellant's Brief, State v. Gaddy, No. COA14-360, 2014 WL 2709362, at *4, *5 (N.C. Ct. App. May 16, 2014).

On June 26, 2013, Plaintiff entered an Alford plea to all charges and reserved his right to appeal the denial of his motion to suppress. The trial court consolidated the charges for judgment and sentenced defendant to 70-93 months imprisonment. Plaintiff gave notice of appeal in open court. On appeal, Plaintiff argued that the trial court erred in sentencing him to 70-93 months for his Class F drug trafficking conviction because when Plaintiff committed the offense the mandatory sentence was 70-84 months. The North Carolina Court of Appeals agreed and remanded the matter for resentencing on December 16, 2014. See State v. Gaddy, 768 S.E.2d 64 (2014). On January 7, 2015, Plaintiff was resentenced to 70-84 months of imprisonment.

Plaintiff originally filed this action on January 27, 2014, in Mecklenburg County Superior Court. On April 3, 2014, Defendants removed the action to this court.[1] In this action, Plaintiff is attacking the underlying search and seizure of drugs on August 9, 2012, that led to his criminal conviction, and he purports to bring claims against Defendants for "deliberate use of false probable cause," "false arrest and false imprisonment," "negligence/deliberate indifference," "negligence/misfeasance in public office," "unlawful force, invasion of privacy, state action," and "unlawful force in negligence in criminal procedure." See (Doc. No. 1-1 at 5-10). Plaintiff seeks declaratory relief, as well as compensatory and punitive damages. (Id. at 13-14).

II. DISCUSSION

Here, Plaintiff seeks an order from the Court finding that the search of the hotel room and the seizure of the drugs that led to Plaintiff's drug trafficking conviction were illegal. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

---

[1] Although state courts and federal court share concurrent jurisdiction over Section 1983 claims, removal was proper under 28 U.S.C. § 1441(a). See Gleichauf v. Ginsberg, 859 F. Supp. 229, 231 (S.D. W. Va. 1994) (stating that mere concurrent jurisdiction with the state courts is not enough to withstand removal on original jurisdiction grounds).

Id. at 486-87 (footnotes omitted; emphasis added). Here, a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction.[2] Thus, under Heck, Plaintiff cannot bring his current claims unless he can show that his underlying conviction has been reversed, expunged, or otherwise invalidated. It is undisputed that Plaintiff's conviction is still valid. Thus, this action must be dismissed as barred by Heck.

The Court finds, alternatively, that this action appears to be barred under the Rooker-Feldman doctrine. Here, Plaintiff is contending that he was subject to an illegal search and seizure that led to his underlying state court conviction. Regardless of how Plaintiff has labeled his claims, he is attempting to challenge his state court conviction based on the same grounds of illegal search and seizure he raised in his motion to suppress in the state court criminal action. Federal district courts do not have authority to review final judgments of state courts; rather, only

---

[2] The Court recognizes that the Supreme Court stated in Heck that, because of doctrines like independent source, inevitable discovery, and harmless error, a finding of an illegal search and seizure does not always render the underlying conviction invalid and, therefore, Heck will not always apply as a bar to Fourth Amendment illegal search and seizure claims. See Heck, 512 U.S. at 487 n.7. Under the facts of this case, this Court cannot imagine any circumstance in which a doctrine like independent source, inevitable discovery, or harmless error would have applied such that the evidence against Plaintiff could still have been used to convict Plaintiff if the state court had found at the motion to suppress that the search and seizure of the drugs was illegal. Plaintiff entered an Alford plea to the charges that arose out of the search conducted on August 9, 2012. The state court concluded that Plaintiff consented to the search of the motel room where the drugs were found, that his constitutional rights were not violated, and that the evidence seized was not to be suppressed. This evidence was a necessary element of Plaintiff's conviction on the drug trafficking charges and was likely a significant factor in Plaintiff's decision to plead guilty. In sum, a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction. Accord Ballenger v. Owens, 352 F.3d 842, 846-47 (4th Cir. 2003) ("In this case, the suppression of the evidence seized pursuant to the challenged search in this § 1983 case would necessarily imply invalidity of the criminal conviction because the doctrines of independent source, inevitable discovery, harmless error, and other similar doctrines would not save the criminal conviction. The cocaine seized was uniquely available from the alleged illegal search, and if it were suppressed as evidence, there would be no evidence to convict [Plaintiff] for drug trafficking."); McFadden v. Davis, No. 1:06cv483, 2008 WL 4191011 (M.D.N.C. Sept. 3, 2008) (holding that the plaintiff's illegal search and seizure claims were barred by Heck), aff'd, 333 Fed. App'x 728 (4th Cir. 2009).

the United States Supreme Court may review such judgments. Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Accordingly, under the Rooker-Feldman doctrine, a federal district court may not determine federal issues that a party raises in state proceedings and that are "inextricably intertwined" with the state court's judgment. Datz v. Kilgore, 51 F.3d 252, 253 (11th Cir. 1995) (per curiam). To be "inextricably intertwined," a federal claim must succeed only to the extent that the state court wrongly decided the issues before it. Id. at 253-55.

The issues that Plaintiff raises here are inextricably intertwined with the issues raised in his state court motion to suppress the evidence used to obtain his conviction. As noted, the state court already denied Plaintiff's motion to suppress in Plaintiff's underlying criminal action, in which he contended that the officers obtained the evidence used to convict him by violating his state and federal constitutional rights as well as North Carolina's criminal procedure act. If this Court were to rule in Plaintiff's favor, the Court would no doubt have to find that the state court's ruling on the motion to suppress was wrong. Indeed, Plaintiff specifically argues in his response to Defendants' summary judgment motion that the state court's adjudication of the motion to suppress was incorrect, and he seeks an adjudication in this action overturning the state court decision. See (Doc. No. 38 at 15-16). Thus, in addition to being Heck-barred, it appears that Plaintiff's claims here are barred by the Rooker-Feldman doctrine.[3] Accord Stevens v. Fort Myers Police Dep't, No. 2:12-cv-187-FTM-99AEP, 2012 WL 4478978, at *3 (M.D. Fla. Sept. 4, 2012) (applying Rooker-Feldman, stating "Plaintiff's claims arising out of the purported unlawful search and seizure and other purported wrongdoing cannot have success on the merits

---

[3] If Plaintiff wishes to challenge the state court's denial of Plaintiff's motion to suppress, the proper method to seek relief is to file a motion for appropriate relief in North Carolina Superior Court pursuant to N.C. GEN. STAT. § 15A-1411 et seq. Once Plaintiff exhausts his state remedies, he can then file a habeas petition in federal district court through 28 U.S.C. § 2254.

5

of his Section 1983 claim unless the state court wrongly concluded the search was lawful [in denying a motion to suppress].") (report and recommendation by U.S. magistrate judge) (citation omitted), adopted by Stevens v. Fort Myers Police Dep't, No. 2:12-cv-187-FTM-99AEP, 2012 WL 4478794 (M.D. Fla. Sept. 28, 2012); Parry v. Westmoreland Cnty., Civil Action No. 10-1308, 2011 WL 1637932, at *4 (W.D. Pa. Mar. 31, 2011) ("At the very least, we find that Plaintiff's attempts to establish here that the Careless Driving charge was initiated without probable cause runs afoul of the Rooker-Feldman doctrine because establishing such a claim here requires us to evaluate constitutional claims that are inextricably intertwined in the State court's suppression decision.") (report and recommendation by U.S. magistrate judge) (citation omitted), adopted by Parry v. Westmoreland Cnty., Civil Action No. 10-1308, 2011 WL 1637173 (W.D. Pa. Apr. 29, 2011); Wishnefsky v. Addy, 969 F. Supp. 953 (E.D. Pa. 1997) (applying Rooker-Feldman, stating that "[i]t is difficult to see how [the Section 1983 plaintiff] could obtain relief in our court without a finding that the state court suppression ruling which found the search constitutional was in error. Under such circumstances, we believe [Plaintiff's] present claims are inextricably intertwined with the state court proceeding."), aff'd, 162 F.3d 1153 (3d Cir. 1998).

### III. CONCLUSION

In sum, for the reasons stated above, the Court dismisses this action as barred by Heck v. Humphrey and, alternatively, under the Rooker-Feldman doctrine.

**IT IS, THEREFORE, ORDERED** that:

1. This action is **DISMISSED** without prejudice.

2. Defendants' Motion for Summary Judgment by Defendants Grosse, Riggan, and Sprague, (Doc. No. 30), is **GRANTED**, Plaintiff's Motion for Summary Judgment,

6

(Doc. No. 28), is **DENIED**, and Plaintiff's Motion to Compel Discovery, (Doc. No. 20), Plaintiff's Motion for Order Directing the U.S. Marshal [to] Serve Subpoenas, (Doc. No. 27), and Defendants' Motion to Quash, (Doc. No. 35), are **DENIED** as moot.

3. The Clerk is directed to close this case.

Signed on: 03/18/2015

Graham C. Mullen
United States District Judge